OPINION OF THE COURT
Memorandum.
Order reversed without costs and motion by landlord Skyline NYC, LLC to vacate the default order to correct violations and the default judgment, and to dismiss the petition granted.
In this Housing Part proceeding brought by a tenant seeking an order to correct violations, the court directed, in the order to show cause accompanying the petition, that the order to show cause and petition be served by first-class mail with certificate of mailing. After an order to correct violations and a subsequent judgment imposing civil penalties upon landlord were entered on landlord’s default, landlord moved to vacate the order and judgment, and to dismiss the petition, asserting, among other things, that service of the order to show cause and petition by first-class mail was not sufficient under the governing statutes. We agree with landlord’s contention and thus reverse the Housing Part’s order denying landlord’s motion, and grant landlord’s motion.
At the outset, we note that we are dealing here with an order to show cause which commences a proceeding, which must be served in a manner sufficient for the court to acquire jurisdiction, and not with an order to show cause served within a proceeding (see generally CPLR 403 [d]; 2214 [d]).
*42 Subdivision (m) of section 110 of the Civil Court Act provides in pertinent part:
“The service of process in any actions or proceedings specified in subdivision (a) which are brought under the housing maintenance code of the administrative code of the city of New York shall be made as herein provided:
“(1) Service of process shall be made in the manner prescribed for actions or proceedings in this court, except where the manner of such service is provided for in the housing maintenance code of the administrative code of the city of New York, such service may, as an alternative, be made as therein provided.”
The governing provisions of the Housing Maintenance Code (Administrative Code of City of NY, tit 27, ch 2) are subdivisions (h), (i) and (j) of section 27-2115, which state as follows:
“(h) Should the department fail to issue a notice of violation upon the request of a tenant or group of tenants within thirty days of the date of such request, or if there is a notice of violation outstanding respecting the premises in which the tenant or group of tenants resides, the tenant or any group of tenants, may individually or jointly apply to the housing part for an order directing the owner and the department to appear before the court. Such order shall be issued at the discretion of the court for good cause shown, and shall be served as the court may direct. If the court finds a condition constituting a violation exists, it shall direct the owner to correct the violation and, upon failure to do so within the time set for certifying the correction of such violation pursuant to subdivision (c) of this section, it shall impose a penalty in accordance with subdivision (a) of this section.
“(i) In the event an owner fails to correct a violation within the time specified in a notice of violation sent to the owner, his or her agent or other person responsible for its correction pursuant to subdivision (b) of this section, or within any additional time granted pursuant to subdivision (c) of this section, and no certification of correction with respect to such violation has been filed by the owner or his or her registered managing agent in accordance with the provisions of subdivision (f) hereof, then at any *43 time after thirty days have elapsed from the date such violation was to be corrected, any tenant or group of tenants who requested that the violation be issued may apply individually or jointly, to the housing part for an order directing the owner and the department to appear before the court. Where the violation is hazardous or immediately hazardous, the thirty-day requirement shall be waived. Said order shall be issued by the court for good cause shown. If the court finds that the violation has not been corrected, that more than thirty days have elapsed since the time to correct same has expired where a violation is non-hazardous, and that no certification of correction has been filed in accordance with the provisions of subdivision (f) hereof, then it shall direct the owner to correct the violation and shall assess penalties as provided in subdivision (a) of this section.
“(j) If a tenant seeks an order directing the owner and the department to appear before the court pursuant to subdivision (h) or (i) of this section, the court may allow service of the order by the tenant by certified or registered mail, return receipt requested” (emphasis added).
Subdivision (j) was enacted in 1980 (L 1980, ch 526, § 1). The language in subdivision (h) providing that the order “shall be served as the court may direct” was included in the original 1972 enactment of the predecessor provision of subdivision (h) (former Administrative Code of City of NY § D26-51.01 [i]; see L 1972, ch 982, § 11).
The Department of Housing Preservation and Development contends that the broad language in subdivision (h) permits the court to allow service by first-class mail with certificate of mailing as a matter of course. Landlord argues that the language of subdivision (j) indicates that the court may allow service only by certified or registered mail, return receipt requested, and not by first-class mail, and that the intent of the Legislature was to allow service by certified or registered mail, return receipt requested, only upon a showing of special circumstances justifying the permitting of such service.
A statute should be construed so as to give effect to all of its language (Matter of Yolanda D., 88 NY2d 790, 795 [1996]; McKinney’s Cons Laws of NY, Book 1, Statutes § 231), and all parts of a statute are to be read together to determine the *44 legislative intent (id. §§ 97, 98; see Heard v Cuomo, 80 NY2d 684, 689 [1993]). We need not here decide whether, as landlord contends, subdivision (j) permits the court to direct service by-certified or registered mail, return receipt requested, only upon a showing of special circumstances, or whether it permits such service as a matter of course. Whichever may be the case, and whatever the potential scope of subdivision (h) when originally enacted, it is our opinion, in light of the Legislature’s subsequent enactment of subdivision (j) — granting the court specific authority to direct service by certified or registered mail, return receipt requested — and reading subdivisions (h) and (j) together, that the language in subdivision (h) may not now be read to permit the court to order service by first-class mail as a matter of routine and without a showing of special circumstances justifying such a relaxation of the service requirements (cf. CPLR 312-a [permitting service by first-class mail when the defendant returns a signed acknowledgment of receipt]). As no circumstances justifying such a relaxation of the service requirements were shown to be present, we hold that the service herein by first-class mail was insufficient under the governing provisions. We need not decide at this juncture whether such service would be sustainable upon a showing of special circumstances.
Accordingly, we reverse the Civil Court’s order and grant landlord’s motion to vacate the default order to correct violations and the default judgment, and to dismiss the petition.
Pesce, EJ., Weston Patterson and Rios, JJ., concur.